# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

FABIAN TINNER,                          )
                                        )
            *Plaintiff*,                )
                                        )
vs.                                     )          Case No. 11-2695-EFM-KGG
                                        )
THOMAS E. FOSTER, *Chief Judge*         )
*of the District Court of Johnson County*;  )
DEAN GARLAND, *Hearing Officer*         )
*Child Support Enforcement Division*;   )
KELLY RYAN, *Johnson County*            )
*District Court Judge*;                 )
MELANIE BUSSE, *District Court*         )
*Hearing Officer*;                      )
AMY MITCHELL; and                       )
JOE DeWOSKIN,                           )
                                        )
            *Defendants*.               )
_____     )

## MEMORANDUM AND ORDER

Plaintiff Fabian Tinner claims the Defendants deprived him of his federal civil rights in the course of a divorce proceeding in the District Court of Johnson County, Kansas. His *pro se* complaint does not clearly convey what happened in that proceeding, but it appears to allege that the State court wrongfully denied him a tax credit relating to his son and ordered him to pay too much child support. The named Defendants are the judges, hearing officers and attorneys who were involved in the divorce proceedings. The matter is now before the Court on motions to dismiss by five of the six Defendants and on various motions filed by Plaintiff , including motions for a hearing, motion for injunction, and motion for judgment.

## I. Background

The following allegations are taken from Plaintiff's complaint. Plaintiff alleges that Judge Thomas Foster "entered a bias[ed] judgment furthering a conspiracy and neglectfully fail[ed] to perform ministerial duties" and thereby deprived Plaintiff of Fourteenth Amendment rights. Plaintiff is an African-American and was "discriminated against by officers of the Court who manufactured a void erroneous judgment" in violation of Kansas requirements relating to Domestic Relations Affidavits (DRA's).[1] Judge Kelly Ryan is alleged to have "neglectfully concealed[] the fraudulent actions and wrongfully failed to perform a ministerial duty." Plaintiff complains of attorneys Amy Mitchell and Joe DeWoskin "committing [fraud] on the Court, falsifying documents, No DRA in proceedings legally required." He complains that the Court ordered garnishment after making him pay $3,150 in child support – the "Court being without jurisdiction enforcing judgments neglectfully failing to perform a ministerial function void a DRA" [sic] – and done "with fraudulent interlineations alleging Fabian Tinner forfeited his tax credit right to carry his son on his tax years allocated, where support is paid."  Plaintiff complains that attorney Mitchell "appeared without notice" after Plaintiff's ex-wife had previously appeared pro se, and Mitchell then "interfered with proceedings" in a second hearing with Hearing Officer Dean Garland and Plaintiff's ex-wife after Garland had informed Plaintiff the hearing was over. Hearing Officer Melanie Busse allegedly retaliated against Plaintiff by "concealing neglectful acts or omissions [and] refusing to perform ministerial duties causing unnecessary suffering" and other damages. For relief, Plaintiff seeks an order declaring that under his property settlement agreement he retains the right to claim a tax credit

---

[1] Kansas Supreme Court rules require that motions to obtain or modify child support be accompanied by a Domestic Relations Affidavit, which is a form executed under oath containing a detailed statement of the parties' financial circumstances.  See Kan.Sup.Ct.R. 139; Appendix To Kansas Child Support Guidelines.

for his son. Additionally, he seeks a $2,950 credit for child support previously paid, a reduction in his current monthly child support obligation, the suspension of attorneys Mitchell and DeWoskin from the Kansas Bar Association, and $100,000 "per act" from some or all of the defendants.

In keeping with the obligation to liberally construe *pro se* pleadings, the Court has gleaned certain background facts from Plaintiff's filings. Court records attached to Plaintiff's complaint indicate that Plaintiff was initially represented in the divorce proceeding by attorney Joe DeWoskin, while Plaintiff's former spouse was represented by attorney Amy Mitchell. A separation and property settlement agreement was filed by the parties and was adopted by the State court. Pursuant to that Agreement, Plaintiff was to pay child support for the benefit of his minor child. Plaintiff and his ex-wife each subsequently filed various motions to modify the child support. Plaintiff began representing himself at some point and claimed fraud in connection with the settlement agreement and/or the child support. He claims that his attorney "sold out Plaintiff['s] interest" by agreeing with Mitchell on a modification of child support without Plaintiff's consent. Plaintiff filed a complaint with the Kansas Disciplinary Administrator concerning his attorney's actions, and he filed various motions raising the issue with the State district court.

After hearing evidence, including testimony from Plaintiff, Judge Ryan found no evidence of fraud between attorneys Mitchell and DeWoskin, as had been claimed by Plaintiff. The judge also dismissed Plaintiff's claims against Hearing Officer Garland. Judge Ryan did find that Plaintiff had not agreed to a modification of child support that had been entered in the record by interlineation, and the Judge retroactively modified the obligation for a certain period. The Judge refused to set aside the allocation of tax dependency in the Agreement, however – the right having been allocated to Plaintiff's ex-wife – because Plaintiff admitted he had not read the Agreement in its entirety prior

to signing it. Plaintiff' filed a motion to recuse Judge Ryan, which was subsequently denied by Judge Foster. Plaintiff also filed a motion to recuse Hearing Officer Busse; Ms. Busse recused herself further participation in the case. As a result of Busse's recusal, the State court ordered that future issues be heard by either Hearing Officer Garland or Officer Coffee.

## II. Legal Standard

All of the Defendants except Amy Mitchell move to dismiss the complaint. They assert the defenses of lack of jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### Rule 12(b)(1) Standard

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[2]  "A case arises under federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' "[3] There are certain limitations on this general principle, however, which the court will discuss in a moment.

Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[4]  Mere allegations of jurisdiction are not enough.[5] Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[6] The law imposes a presumption against jurisdiction, and plaintiff bears the burden of

---

[2] 28 U.S.C. § 1331.

[3] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) [citations omitted]

[4] *United States v. Rockwell Int'l. Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[5] *Id*. at 798.

[6] *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007).

showing that jurisdiction is proper.[7]

**Rule 12(b)(6) Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[8] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[9] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." [10]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[11] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[12] Allegations that merely state legal conclusions, however, need not be accepted as true.[13]

---

[7] See e.g., *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[10] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[11] *Iqbal*, 129 S.Ct. at 1950.

[12] See *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[13] See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[14] However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[15] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[16] Furthermore, when a party proceeds *in forma pauperis*, the Court shall dismiss the case at any time if it determines that the action is (I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[17]

### III. Analysis

For the reasons set forth below, the Court concludes that it is either without jurisdiction to review most of the claims in Plaintiff's complaint or that it must abstain from exercising jurisdiction over those claims. The *Rooker–Feldman* doctrine precludes a losing party in state court who complains of injury caused by a state-court judgment from bringing a case seeking review and rejection of that judgment in federal court.[18] Because federal law gives only the U.S. Supreme Court appellate jurisdiction to review the decisions of a State's highest court, the *Rooker-Feldman* doctrine prevents state court litigants from circumventing that process by asking a federal district court to step in and review and revise a state court's judgment. Plaintiff is claiming injury here from state court rulings and is asking the Court to change those rulings. Among other things, he seeks a

---

[14] *Id.*

[15] *Id.*

[16] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[17] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[18] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012).

reduction in the monthly child support ordered by the State court, a credit for child support previously ordered by that court, and a determination that his property settlement agreement allows him to claim his son for tax credit purposes. This type of relief would amount to a reversal of the State court's orders. The *Rooker-Feldman* doctrine precludes this court from engaging in such a review. Even to the extent Plaintiff claims damages relating to the payment of child support, his claim of injury is intertwined with the merits of the State court rulings and would require this Court to review and reject those rulings for him to prevail.[19] In short, this court does not have jurisdiction to provide appellate review of the State court's rulings.

This conclusion is only reinforced by the "domestic relations exception," which generally divests the federal courts of the power to issue divorce, alimony and child custody decrees, or to make a determination that such a decree by a state court is void.[20] Under that exception, "'[i]f the federal court must determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case' under the domestic relations exception."[21] Insofar as the complaint seeks relief related to

---

[19] *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007) (claims for damages barred where they were based on state court judgments and would require federal court to review and reject those judgments); *Pandey v. Russell*, 445 Fed.Appx. 56, 59, 2011 WL 4823028 (10th Cir. 2011) ("Although it is true that the amended verified complaint seeks other forms of relief as well, including an award of monetary damages, those claims for relief are inextricably intertwined with the state divorce proceedings because, for Pandey to prevail on those claims, the district court in this case would have to review, and ultimately reject, the orders issued by the defendants in the state divorce proceedings."); *Wideman v. Colorado*, 242 Fed.Appx. 611, 614, 2007 WL 2827736 (10th Cir. 2007) (dismissing plaintiff's claim for violation of constitutional rights in child custody proceedings; "it is apparent that the majority of Wideman's claims are little more than thinly disguised efforts to overturn, or at least call into question the validity of, the rulings entered against him by the Colorado state courts.")

[20] *Winters v. Kan. Dept. of Soc. and Rehab. Serv.*, 2011 WL 166708, *5 (D. Kan., Jan. 19, 2011), *aff'd*, 441 Fed.Appx. 611, 2011 WL 5854367 (10th Cir. 2011) .

[21] *Mosely v. Bowie County Texas*, 275 Fed.Appx. 327 (5th Cir. 2008) (quoting *Rykers v. Alford*, 832 F.2d 895, 900 (5th Cir. 1987)).

Plaintiff's child support or a declaration about his property settlement agreement, the Court will dismiss such claims for lack of jurisdiction.

Allegations in Plaintiff's filings indicate that the State court case is ongoing. To the extent Plaintiff is seeking relief tied to the ongoing proceeding, the claims must also be dismissed pursuant to the *Younger* abstention doctrine. The *Younger* doctrine requires a federal district court to abstain from hearing a case when state judicial proceedings: 1) are ongoing; 2) implicate an important state interest; and 3) offer an adequate opportunity to litigate federal constitutional issues.[22] Plaintiff's filings show that the state proceeding is ongoing and that it involves domestic relations and the support of minor children, which are matters of important state interest.[23] Moreover, the State court provides an adequate forum to raise most of his constitutional claims – in fact, the pleadings show Plaintiff has already raised some of these claims in the state action.  So, even if this Court had subject matter jurisdiction over claims directly relating to the state proceeding, it would have to abstain from exercising it because of the *Younger* doctrine.

Even to the extent the complaint raises federal damage claims that are not intertwined with the merits of the State court's rulings, there are reasons why those claims too must be dismissed. Plaintiff seeks damages against the judges and hearing officers who were involved in his divorce proceeding, claiming they violated his federal civil rights. It is well-established that judges have

---

[22] See *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003);  *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) ("*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when such relief could adequately be sought before the state court." [citation omitted].

[23] See *Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992) (The " 'whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' ")

-8-

absolute immunity from civil damages in the performance of their judicial duties.[24] That immunity applies even if the action the judge took was in error, was done maliciously, or exceeded the judge's authority.[25] Only where a judge acted in the "clear absence of all jurisdiction" will immunity be overcome.[26] Judges Foster and Ryan are clearly protected by  judicial immunity for their actions in ruling on child support and other matters relating to Plaintiff's divorce proceeding, including the motions to recuse that were filed by Plaintiff.  Moreover, judicial immunity extends to individual judicial employees like the administrative hearing officers named as defendants here – Mr. Garland and Ms. Busse – who conducted hearings and issued rulings related to Plaintiff's divorce or child support.[27] Four of the six named Defendants are thus entitled to dismissal of any damage claims against them individually for the alleged violation of civil rights. And to the extent Plaintiff is asserting any damage claim against the judges or hearing officers in their official capacities (the complaint refers to both individual and official capacities), the claim is essentially one against the State of Kansas, which is entitled to immunity on such claims by virtue of the Eleventh Amendment.[28] State officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under 42 U.S.C. § 1983.[29]

---

[24] *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).

[25] *Id*. at 356.

[26] *Id*. at 356-57.

[27] See *Collins v. McClain*, 207 F.Supp.2d 1260, 1262 (D. Kan.  2002) (judicial immunity extended to administrative hearing officers); *Hunt v. Lamb*, 2006 WL 2726808, *3 (D. Kan., Sept. 22, 2006) (same), *appeal dismissed,* 220 Fed.Appx. 887 (10th Cir., Apr. 4, 2007).

[28] *Edelman v. Jordan*, 415 U.S. 651, (1974) (Eleventh Amendment bars suits for damages against State in federal court absent waiver by Congress

[29] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

As for the remaining two defendants – attorneys Mitchell and DeWoskin – they do not enjoy judicial immunity, but no allegations are made to show that they were acting under color of state law, which is an essential element of any claim under § 1983 for deprivation of federal rights.[30] Although private persons who conspire with a state official can be held to have acted under color of state law, the complaint contains only a conclusory mention of a "conspiracy" and absolutely no details to plausibly show the existence of one. Private persons can also be liable for a class-based conspiracy to deprive someone of the right to equal protection of the laws,[31] but again, the complaint contains no facts remotely supporting such a claim. And to the extent Plaintiff simply alleges that his attorney failed to act in his best interests and wrongfully agreed to a modification of child support without his consent, such allegations may tend to support a state law claim for legal malpractice, but standing alone they fail to state any cognizable claim for deprivation of federal civil rights.

There are other deficiencies in the complaint as well. Even construed liberally, Plaintiff's complaint fails to state any valid claim for relief under 42 U.S.C. § 1983. Such a claim requires facts to show that these Defendants, under color of law, deprived Plaintiff of a federal right.[32] The complaint mentions the Fourteenth Amendment rights to due process and equal protection of the laws, but it sets forth no facts to plausibly show that Plaintiff was deprived of those rights. Nor does

---

[30] See *Read v. Klein*, 1 Fed.Appx. 866, 871, 2001 WL 20818 (10th Cir. 2001) (wife's attorney in divorce proceeding was not state actor subject to suit under § 1983); *Jenkins v. McBride*, 53 F.3d 342 (Table), 1995 WL 257842 (10th Cir., May 2, 1995) (public defenders, private attorneys, and court-appointed attorneys are not state actors for § 1983 purposes).

[31] See 42 U.S.C. § 1985(3).

[32] *Baker v. McCollan*, 443 U.S. 137, 140 (1979) (deprivation of a right secured by the Constitution or federal laws is a threshold requirement of § 1983).

it spell out how these Defendants personally participated in or caused a deprivation of those rights.[33]
Plaintiff complains of "officers of the Court who manufactured a void erroneous judgment violating
Domestic Relations Affidavit 'DRA' requirement...." Assuming this refers to a modification of
Plaintiff's child support obligation without the supporting DRA required by Kansas Supreme Court
rules, the allegation still lacks enough factual detail to show that any such modification amounted
to a deprivation of Plaintiff's federal right to due process of law.[34]

   As for the right to equal protection of the laws, a plausible claim might be established by
well-pleaded facts that a person acting under color of state law treated Plaintiff differently than
others similarly situated based on impermissible considerations such as race.[35] Plaintiff's complaint
refers to his race, but it sets forth no facts to plausibly suggest that he was subjected to unequal
treatment in the State proceeding on account of his race. He thus fails to state any plausible claim
for violation of equal protection. Similarly, the complaint's unexplained reference to a "conspiracy"
is too vague to plausibly show the violation of any federal right – or to support a claim that the
defendant attorneys were acting under color of state law.

   Under the plausibility standard of pleading, a sheer possibility that a defendant acted
unlawfully is not enough; Plaintiff must allege sufficient facts to raise a right of relief above the
speculative level. Plaintiff has not done so here.  Thus, even if Plaintiff overcame the *Rooker-
Feldman* and *Younger* hurdles with respect to some federal claim for damages against the two

---

[33] *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.").

[34] As the Supreme Court has long recognized, a "mere error of state law is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121, n. 21 (1982). Additionally, the Court notes that under Kansas law the lack of a DRA is considered an evidentiary rather than a jurisdictional matter. *See Jones v. Jones*, 268 P.3d 494, 498 (Kan.App. 2010).

[35] See *Clark v. Boscher*, 514 F.3d 107, 114 (1st Cir. 2008).

attorney defendants, the court would still have to dismiss it for failure to state a claim upon which relief can be granted.

The dismissal of an *in forma pauperis* complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim "is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[36] For the reasons stated above Plaintiff cannot prevail on the facts he has alleged. Moreover, the court concludes it would be futile to give him an opportunity to amend the complaint to attempt to state a federal claim against these two attorney defendants. It is apparent that Plaintiff is essentially seeking review of his State court proceeding by filing this federal action. It is also patently obvious that Plaintiff cannot state facts showing that the attorneys conspired with state actors to deprive him of federally-protected rights. His filings make clear that the basis of his complaint is that the judges and hearing officers made rulings with which he did not agree – including denying his motions to recuse, allowing attorney Mitchell to appear on behalf of his ex-wife, ruling against him on child support issues, and quashing his attempts to subpoena a hearing officer, a Kansas Disciplinary Administrator, and a Court Trustee to testify at a hearing on *pro se* motions. Under the circumstances, the court will grant dismissal of Plaintiff's claims for deprivation of federal rights against defendants DeWoskin and Mitchell.

It is unclear whether Plaintiff's complaint attempts to assert any claims under State law in addition to the claim for deprivation of federal constitutional rights. The complaint mentions "fraud" and "Kansas Federal Tort Claim" [sic]. Inasmuch as the court finds that any federal claims in the Complaint must be dismissed, the court will decline to exercise supplemental jurisdiction over any

---

[36] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

State law claims asserted by Plaintiff.[37]

Plaintiff previously filed motions for a hearing and for judgment. More recently, he has filed a flurry of additional motions, including an application for injunction, a request to join additional parties, an affidavit, and another request for hearing. These recent filings only reinforce the Court's conclusions above. Among other things, Plaintiff complains about the rulings of another State district judge and sets forth a rambling recitation of discussions with that judge and with court staff. Although the filings are fairly descriptive – the judge at one point "scratched his head like he was even more confused" – they add nothing of substance to Plaintiff's complaint. Plaintiff also now complains that defendant Mitchell presented a copy of Plaintiff's federal complaint to the judge in the State action, by which she "induced an ambiance by bringing her goods to the market" and furthered an alleged conspiracy "and constitutional deprivation of black Pro'se litigant." Plaintiff invokes 42 U.S.C. § 1985 and now seeks $20 million in damages plus an injunction restraining any contempt proceedings relating to non-payment of child support and an order for the State district judge to hold a hearing. He seeks to join a court stenographer and court clerk as parties for reasons that are unclear. For the reasons previously indicated, these additional motions are without legal merit and will be denied without further briefing.

**IT IS ACCORDINGLY ORDERED** that the Motion to Dismiss by Melanie Busse, Thomas E. Foster, Dean Garland, and Kelly Ryan (Doc. 16) is **GRANTED**. The claims against these Defendants seeking injunctive or other relief affecting the State divorce proceeding are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. The federal law claims for damages against these Defendants are barred by judicial immunity and are **DISMISSED WITH**

---

[37] *Exsum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138-39 (10th Cir. 2004) (district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it had original jurisdiction).

PREJUDICE.

The Motion to Dismiss by Joe DeWoskin (Doc. 24) is **GRANTED**. The federal law claims against this defendant are **DISMISSED** for failure to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), any federal law claims against defendant Amy Mitchell are likewise **DISMISSED** for failure to state a claim upon which relief can be granted.

The court declines to exercise supplemental jurisdiction over any remaining state law claims against any of the defendants. Any such claims are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff's Motions for Hearing (Docs. 30, 31, 32, 37), for Judgment (Doc. 36), and for injunction and additional relief (Docs. 40, 41, 43) are **DENIED**.

Defendants' Motion for Protective Order (Doc. 44) is **DENIED** as moot in view of the court's dismissal of all pending claims in this action.

**IT IS SO ORDERED**.

Dated this 26th day of April, 2012, in Wichita, Kansas.

Eric F. Melgren

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

-14-