# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FABIAN TINNER, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | Case No. 11-2695-EFM-KGG |
| ) | |
| THOMAS E. FOSTER, *Chief Judge* ) | |
| *of the District Court of Johnson County;* ) | |
| DEAN GARLAND, *Hearing Officer* ) | |
| *Child Support Enforcement Division*; ) | |
| KELLY RYAN, *Johnson County* ) | |
| *District Court Judge*; ) | |
| MELANIE BUSSE, *District Court* ) | |
| *Hearing Officer*; ) | |
| AMY MITCHELL; and ) | |
| JOE DeWOSKIN, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## MEMORANDUM AND ORDER

A judgment dismissing all of Plaintiff's claims was entered on April 27, 2012. On May 29, 2012, Plaintiff filed the following: Motion for Relief from Judgment Under Rule 60(b) (Doc. 50); Motion to Alter Judgment under Rule 59(e) (Doc. 52); Motions for Hearings (Docs. 51, 53); Motion for Leave to Appeal In Forma Pauperis (Doc. 54); and Notice of Appeal.

The filing of a notice of appeal ordinarily confers jurisdiction on the Court of Appeals and divests the District Court of jurisdiction over any aspects of the case involved in the appeal.[1] That is not so when a party timely files a motion to alter or amend the judgment under Rule 59.[2] But

---

[1] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

[2] *Id. See also* Fed.R.App.P. 4(a)(4)(A).

Plaintiff's motion under Rule 59 was not timely. A motion to alter or amend must be filed no later than 28 days after entry of judgment.[3] Plaintiff's motion was filed 32 days after entry. As such, this Court has no jurisdiction to consider the motion under Rule 59, although case law provides the motion should be construed as one pursuant to Rule 60(b).[4]

As for Plaintiff's Rule 60(b) motion(s), the jurisdictional rules are more complicated. The "modern view" is that a pending appeal does not preclude a district court from entertaining a timely Rule 60(b) motion, although the district court may lack jurisdiction to grant such a motion due to the appeal.[5] To be "timely" for these purposes, the motion must have been filed within the time for taking a direct appeal.[6] Plaintiff's motions meet this requirement.[7] With regard to the merits, however, Plaintiff's contentions that the judgment was based on mistake or fraud or some other improper basis are thoroughly unpersuasive. "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances."[8] Plaintiff's motions essentially restate the allegations the Court previously found to be inadequate as a matter of law. They show no legal error in the Court's dismissal of his claims and present no grounds for relief from the judgment.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion for Relief From Judgment (Doc. 50), Motion for Hearing (Doc. 51), Motion to Alter Judgment (Doc. 52), and Motion for

---

[3] Fed.R.Civ.P. 59(e).

[4] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[5] *Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002). If the District Court is inclined to grant such a motion, it should notify the Circuit Court of its intention to grant the motion upon a proper remand. *Id*.

[6] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996).

[7] Due to the Memorial Day holiday, the period for filing an appeal extended to May 29, 2012. The Rule 60(b) motion was filed on May 29. But because it was filed more than 28 days after entry of judgment, it did not have the effect of extending the appeal time or of delaying the effect of the Notice of Appeal filed by Plaintiff. *See* Fed.R.App.P. 4(a)(4)(A).

[8] *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

Hearing (Doc. 53) are **DENIED**.

Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc. 54) is also **DENIED**. Although Plaintiff was previously allowed to proceed *in forma pauperis*, the Court finds the instant appeal is not taken in good faith. An appeal is taken in good faith when it presents a nonfrivolous issue.[9] For reasons stated by the Court in its prior Memorandum and Order, Plaintiff's claims either lack any basis in fact or law, fail to state a claim on which relief may be granted, or seek monetary relief against defendants who are immune from damages. As such, the Court concludes his request to proceed *in forma pauperis* on appeal should be denied.[10]

The Clerk of the District Court is directed to immediately notify the parties and the Court of Appeals of this denial of Plaintiff's motion to proceed *in forma pauperis*.[11] Plaintiff may file a motion to proceed on appeal *in forma pauperis* in the Tenth Circuit Court of Appeals within 30 days after service of notice by the District Court Clerk of the foregoing denial.[12]

**IT IS SO ORDERED**.

Dated this 6th day of June, 2012.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[9] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[10] 28 U.S.C. § 1915(e)(2); Fed.R.App.P. 24(a)(3)(A).

[11] Fed.R.App.P. 24(a)(4).

[12] Fed.R.App.P. 24(a)(5).